UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | |
|---|---|
| MARSHELLA D. MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO. 2:21-74-KKC<br><br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the parties' cross-motions for summary judgment. (DEs 21, 25.) The plaintiff, Marshella D. Martin, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, DENIES Plaintiff's motion (DE 21), GRANTS Defendant's motion (DE 25), and AFFIRMS the Commissioner's decision.

I.

A.   **Standard of Review**

This Court's review of the Administrative Law Judge's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 1157 (2019). The substantial evidence standard—more than a mere scintilla of evidence but less than a

1

preponderance, *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)—is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding, which is itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152–53 (1999).

In reviewing the decision of the Commissioner, courts do not try the case de novo, resolve conflicts in the evidence, or assess questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Similarly, courts do not reverse findings of the Commissioner or the ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Rather, courts must affirm the ALJ's decision if substantial evidence supports it, even if the court might have decided the case differently if in the ALJ's shoes. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

**B.    ALJ Process**

To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

*Step 1*: If the claimant is doing substantial gainful activity, the claimant is not disabled.

*Step 2*: If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3*: If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her

2

>
> impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4*: If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5*: If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* 20 C.F.R. § 404.1520(g)(1).

## II.

In denying Martin's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. 20 C.F.R. § 404.1520(a).

At step one, the ALJ determined that Martin has not engaged in substantial gainful activity since April 11, 2018. (Administrative Record ("AR") at 84.)

At step two, the ALJ determined that Martin suffered from the following severe impairments: polyarthralgia, diabetes mellitus, obesity, major depressive disorder, and anxiety disorder. (AR at 84.)

3

At step three, the ALJ found that Martin does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 84.)

Before proceeding to step four, the ALJ determined that Martin has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except that she is further limited to carrying out one to four step tasks in a setting without demands for high production or rapid pace. (AR at 86.)

At step four, the ALJ determined that Martin is unable to perform any past relevant work. (AR at 92.)

At step five, the ALJ determined that, considering the RFC described above and Martin's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Martin can perform, and thus, she is not disabled. (AR at 92.)

The ALJ's decision was affirmed by the Appeals Council on all grounds relevant to this review, and the parties accordingly refer to the ALJ's decision in their motions. Martin has therefore exhausted her administrative remedies and filed a timely appeal in this Court. *See* 20 C.F.R. § 422.210(a). The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

### III.

Martin argues that the ALJ's findings are not supported by substantial evidence and are in error as a matter of law. (DE 21 at 9.) Martin specifically cites as error: (1) the ALJ's failure to find fibromyalgia a severe impairment; (2) the ALJ's Step Five findings; and (3) the ALJ's failure to adopt Dr. Katherine A. Myers' opinion that Martin was somewhat likely to show a pattern of periods of time away from work for mental health reasons.

4

Between steps three and four of the sequential disability benefits analysis, the ALJ assesses the claimant's RFC, which is the most the claimant can do despite their impairments. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1), 404.1546(c). At this stage, the claimant bears the burden of proving that an impairment should be accommodated in their RFC assessment. *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019) (citing *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (explaining that a claimant bears the burden of proving his lack of residual functional capacity)). The ALJ must address the claimant's reported symptoms in their RFC assessment, *see* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017), but the ALJ is only required to incorporate limitations that he accepts as supported by evidence. *Lester v. Soc. Sec. Admin.*, 596 F. App'x 387, 389–90 (6th Cir. 2015) (citing *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Thus, in making the RFC finding, the ALJ must necessarily evaluate the persuasiveness of the medical opinions in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a). An ALJ considers numerous factors in constructing a claimant's RFC, including the medical evidence, non-medical evidence, and the claimant's credibility. *See* SSR 96–5p, 1996 WL 374183, at *3; SSR 96–8p, 1996 WL 374184, at *5. No medical source opinion is conclusive by itself on this issue. *See* SSR 96-5p, 1996 WL 374183, at *2, 4–5. Similarly, a claimant's subjective complaints of pain or other symptoms cannot alone establish disability. 20 C.F.R. § 404.1529(a). "Although physicians opine on a claimant's residual functional capacity to work, ultimate responsibility for capacity-to-work determinations belongs to the Commissioner." *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider

5

the medical opinions in your case record together with the rest of the relevant evidence we receive.").

Under the applicable regulations, the ALJ no longer defers or gives specific evidentiary weight to treating physician reports. 20 C.F.R. § 404.1520c(a). Instead, the ALJ considers the following factors when reviewing medical opinions: supportability; consistency; relationship with the claimant; length of the treatment relationship; frequency of examinations; purpose of the treatment relationship; extent of the treatment relationship; examining relationship; specialization; and other factors such as the source's familiarity with other evidence in the claim or an understanding of the disability program's policies and evidentiary requirements. § 404.1520c(c)(1)–(5). The ALJ must then articulate how he or she considered the medical opinions and evaluate the persuasiveness of each source. 20 C.F.R. § 404.1520c(a)–(b). The ALJ also focuses on whether a medical source provides evidence in support of a medical opinion. 20 C.F.R. 404.1527(c)(3). The ALJ need not defer to opinions by medical professionals (or other treating sources) that are not based on adequate medical data. *Cohen v. Sec. of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) ("The ALJ . . . is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.").

Martin's first claim—that the ALJ erred by failing to find fibromyalgia a severe impairment—plainly fails. A review of the ALJ's decision shows that she thoroughly considered the claimant's subjective reports, the medical and non-medical evidence, and the opinions of various providers, and appropriately applied the correct legal standard. (AR at 84.) In addition, the ALJ did find that Martin had several other severe impairments. Having made that determination, the ALJ was required to continue the sequential analysis to determine if Martin is disabled. See 20 C.F.R. § 404.1520(a)(4)(ii), (iv). Thus, even if, *arguendo*, the ALJ erred by not including fibromyalgia as an additional severe impairment,

6

"the error is harmless as long as the ALJ found at least one severe impairment and continued the sequential analysis and ultimately addressed all of the claimant's impairments in determining her residual functional capacity." *Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006) (citing *Maziarz v. Sec'y of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). The ALJ did address all of the claimant's impairments at the RFC stage, so if there was any error, it was harmless. The Court's role at this stage is to ensure that the ALJ applied the proper legal standards and had substantial evidence to support her decision. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224–25 (6th Cir. 2019). The Court finds that that standard has been met.

Martin's second claim—that the ALJ's Step Five findings were in error—also fails. Martin takes issue with the vocational expert's testimony and the ALJ's findings that Martin could perform the jobs identified by the vocational expert. However, there was no reversible error. The ALJ properly determined Martin's RFC by thoroughly reviewing and weighing Martin's subjective reports, the medical and non-medical evidence, and the opinions of various providers. (AR 86–92.) The ultimate decision of a claimant's RFC is made by the ALJ. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004); 20 C.F.R. 404.1546(c). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey*, 987 F.2d at 1233. As explained above and additionally discussed below, the ALJ's determination was supported by substantial evidence and must be affirmed. Based on the ALJ's RFC determination, as well as Martin's age, education, and work experience, the vocational expert identified three jobs that Martin could perform: weights measure checker clerk (Dictionary of Occupational Titles No. 222.387-074), protective clothing issuer (DOT No. 222.687-046), and bus monitor (DOT No. 372.667-042).

7

(AR at 93.) All of these jobs align with the RFC determined by the ALJ and account for a significant number of jobs in the national economy. *See* DICOT 222.387-074 (G.P.O.), 1991 WL 672108; DICOT 222.687-046 (G.P.O.), 1991 WL 672139; DICOT 372.667-042 (G.P.O.), 1991 WL 673102; *Nejat*, 359 F. App'x at 579 (collecting cases evaluating what constitutes a "significant number" of jobs). Accordingly, the ALJ did not err at Step Five.

Martin's final claim—that the ALJ erred by failing to adopt Dr. Katherine A. Myers' opinion that Martin was somewhat likely to show a pattern of periods of time away from work for mental health reasons—is also unsuccessful. An ALJ is required to incorporate only those limitations that she accepted as credible, *Lester*, 596 F. App'x at 389 (citing *Casey*, 987 F.2d at 1235), and need not include limitations that are unsupported by the record evidence as a whole. *Tucker*, 775 F. App'x at 227. The district court opinions from the Southern District of Ohio cited by Plaintiff are not binding on this Court and are distinguishable from this case. *See, e.g., Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (analyzing an ALJ's failure to include a limitation after appearing to adopt a provider's opinion in full); *see also Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803–04 (S.D. Ohio 2017) (analyzing an ALJ's failure to include a limitation after agreeing with a provider's opinion as to that specific limitation). Here, the ALJ specifically found persuasive Dr. Myers' assessment that Martin was able to follow instructions, interact in the community, and maintain her personal needs and household without significant difficulty, and that Martin was moderately limited in maintaining concentration, persistence, and pace. (AR at 91.) The ALJ found non-persuasive Dr. Myers' "vague finding of poor stress tolerance." (AR at 91.) The ALJ did not specifically address Dr. Myers' language about Martin being "somewhat likely to show a pattern of periods of time away from work for mental health reasons[,]" but the ALJ was

8

clear that she was not adopting Dr. Myers' assessment in its entirety. The ALJ stated that "[t]he record does not support greater functional restrictions in mental capacity that those offered by the state agency consultants [Drs. Rudy and Ebben]. . . " (AR at 90) and that "the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by . . . the lack of mental health treatment prior to February 2020, with repeat findings of normal moods, affect, and behavior prior to that time, the minimal, inconsistent findings during those four individual therapy sessions, the claimant's activities as summarized in the above "B" criteria assessment, and the opinions of Drs. Rudy and Ebben and Ms. DiSabatio." (AR at 92.)  Accordingly, it was not error for the ALJ not to discuss every single piece of Dr. Myers' opinion. The ALJ thoroughly analyzed Martin's subjective reports, the medical and non-medical evidence, and the opinions of various providers, and ultimately made a determination as to Martin's RFC supported by substantial evidence.

## IV.

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that:

(1) The plaintiff's motion for summary judgment (DE 21) is **DENIED**;

(2) The defendant's motion for summary judgment (DE 25) is **GRANTED**;

(3) The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) A judgment will be entered contemporaneously with this order.

This 10th day of June, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY